UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **VICKI PEPPER** | * | **CIVIL ACTION NO. 15-2830** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MUTUAL OF OMAHA INSURANCE COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

**ORDER**

On December 15, 2015, defendant Mutual of Omaha Insurance Company removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000.  *See* Notice of Removal.  "The removing party bears the burden of showing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).

When, as here, the state court petition seeks a money judgment, but state law does not permit a demand for a specific sum, then the removing defendant(s) may assert the amount in controversy in its notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); 28 U.S.C. § 1446(c)(2)(A).  Here, however, the court is unable to determine whether the amount in controversy exceeded the jurisdictional minimum at the time of removal.[1]

Accordingly, within the next 14 days from the date of this order, removing defendant

---

[1] Plaintiff seeks benefits under an accidental death insurance policy, plus penalties and fees for defendant's arbitrary failure to pay same. (Petition).  Neither the petition, nor the notice of removal, however, sets forth the amount payable under the policy.


shall file a memorandum, *together with supporting evidence*, sufficient to establish that the requisite jurisdictional amount was in controversy at the time of removal. Plaintiff may submit a response (and evidence) within 7 days thereafter, as needed. If defendant fails to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

The court further observes that the notice of removal does not allege the organizational structure or citizenship of defendant Mutual of Omaha Insurance Company.[2] If defendant is a corporation, then the "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of the corporation." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (emphasis added). Simply alleging that a corporation is a "foreign insurer" or that its principal place of business is not in a given state, without affirmatively alleging where that principal place of business is, does not suffice to establish jurisdiction. *See Getty Oil, supra*; *see also Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference).

Alternatively, if defendant is an unincorporated association, then the citizenship of each member must be alleged and considered. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 1021–22 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of each of its members).

Accordingly, within the next seven days from the date of this order, removing defendant

---

[2] Although the notice also fails to allege the citizenship of plaintiff, the court may glean this information from the petition.

is granted leave of court to file an amended notice of removal which establishes the citizenship of the parties for purposes of diversity. *See* 28 U.S.C. §1653. If defendant fails to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

 IT IS SO ORDERED.

 In Chambers, at Monroe, Louisiana, this 31st day of March 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE